J-S40027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHARROD FAZON | : | |
| | : | |
| Appellant | : | No. 301 EDA 2020 |

Appeal from the PCRA Order Entered December 26, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0901301-2001

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED NOVEMBER 23, 2020**

Appellant, Sharrod Fazon, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his serial petition for collateral relief per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On December 23, 2002, a jury convicted Appellant of two counts of third-degree murder and one count each of possession of an instrument of crime ("PIC") and aggravated assault, stemming from the fatal shooting of two men. The court sentenced Appellant on February 12, 2003, to an aggregate term of

_____

[*] Retired Senior Judge assigned to the Superior Court.

forty-seven (47) to ninety-seven (97) years' incarceration. This Court affirmed the judgment of sentence on August 16, 2004, and our Supreme Court denied allowance of appeal on April 11, 2005. *See Commonwealth v. Fazon*, 860 A.2d 1127 (Pa.Super. 2004) (unpublished memorandum), *appeal denied*, 582 Pa. 708, 872 A.2d 171 (2005).

Between 2005 and 2010, Appellant unsuccessfully litigated two PCRA petitions. On June 22, 2012, Appellant filed the third and current PCRA petition *pro se*. In this petition, Appellant raised a claim of newly-discovered evidence in the form of an affidavit from Armond Wheeler, who claims he witnessed the shooting and saw that Appellant was not the shooter. On March 12, 2013, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant filed a *pro se* response on March 27, 2013. The PCRA court subsequently appointed counsel. On May 11, 2018, Appellant filed an amended *pro se* PCRA petition, raising another claim of newly-discovered evidence in the form of an affidavit from Richard Shimoyama. Like Mr. Wheeler, Mr. Shimoyama also claimed to have witnessed the shooting and alleged that Appellant was not the shooter. Significantly, Mr. Shimoyama initially informed police that Appellant was the shooter but recanted this statement at Appellant's preliminary hearing.

Appellant filed a counseled response to the Rule 907 notice on October 3, 2018, and a supplemental response on November 12, 2018. The PCRA court conducted evidentiary hearings on October 18, 2019, and November 26,

2019, at which Mr. Wheeler failed to appear and testify. The court ultimately denied PCRA relief on December 26, 2019. On January 7, 2020, Appellant filed a timely notice of appeal. The court ordered Appellant on January 8, 2020, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 22, 2020, PCRA counsel filed a Rule 1925(c)(4) statement of intent to file a **Turner/Finley**[1] brief. Counsel filed a petition to withdraw as counsel in this Court on February 4, 2020.[2]

Preliminarily, before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner/Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> …**Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Additionally, counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter advising

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*)

[2] On July 9, 2020, the Commonwealth filed a motion in this Court to amend the certified record to include the preliminary hearing transcript and the statement Mr. Shimoyama gave to police. This Court granted the Commonwealth's motion on August 3, 2020.

Appellant that he has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016). "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, counsel submitted a **Turner/Finley** brief on appeal and a petition to withdraw as counsel. Both the brief and counsel's petition to withdraw demonstrate he has made a conscientious examination of the record in this case and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the technical requirements of **Turner/Finley**. **See id.** Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue on Appellant's behalf:[3]

> Did the PCRA court commit an abuse of discretion by denying [Appellant] relief on [Appellant's] newly-discovered evidence claim?

(**Turner/Finley** Brief at 8).

_____

[3] Appellant has not responded to the **Turner/Finley** brief *pro se* or with newly retained private counsel.

- 4 -

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must

present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4] "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super 2010),

---

[4] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's claims, which arose before the effective date of the amendment.

*appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Bennett, supra* at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.[5] *Id.* at 395, 930 A.2d at 1271.

Instantly, Appellant's judgment of sentence became final on or about July 10, 2005, after expiration of the time for filing a petition for writ of

---

[5] To obtain relief on a substantive after-discovered-evidence claim under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See, e.g., Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586 (2007); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806 (2004). The substantive merits-based analysis is more stringent than the analysis required by the "new facts" exception to establish jurisdiction. *See Bennett, supra* at 395-96, 930 A.2d at 1271-72.

*certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct. Rule 13. Appellant filed the current PCRA petition on June 22, 2012, almost seven years after his judgment of sentence became final, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the newly-discovered facts exception per Section 9545(b)(1)(ii) based upon the affidavits of Mr. Wheeler and Mr. Shimoyama in which both men claim to have witnessed the shooting and maintain that Appellant was not the shooter.

Significantly, Mr. Wheeler did not appear to testify at the evidentiary hearings. Therefore, Appellant failed to plead and prove the newly-discovered facts exception based on the information provided in Mr. Wheeler's affidavit. *See* 42 Pa.C.S.A. § 9545(b)(1).

Regarding Mr. Shimoyama, the PCRA court reasoned:

> Although [Appellant]'s conviction was final more than a decade ago, [Appellant] argues that his petition meets the requirements of the newly[-]discovered facts [exception]. The only witness presented for this allegation was Richard Shimoyama, a witness who testified at [Appellant]'s preliminary hearing. Furthermore[,] Shimoyama's pretrial testimony was read *in toto* at [Appellant]'s trial. Additionally, Shimoyama's affidavit and PCRA testimony attest that he testified truthfully at the preliminary hearing and if called at trial he would have testified the same way. Clearly the proposed testimony is not newly-discovered. What's more, [Appellant]'s PCRA testimony was crystal clear—he did nothing to obtain this testimony throughout the years. Due diligence? No diligence whatsoever. Accordingly, this court properly dismissed the petition.

(PCRA Court Opinion, filed June 24, 2020, at 6-7). We agree with the PCRA court's analysis. *See Commonwealth v. Brown*, 111 A.3d 171, 178

(Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015) (holding petitioner failed to exercise due diligence where he "makes no claim that he attempted to contact [the purported exculpatory witness] at any point since trial to determine whether [the witness] had any information regarding the day of the shooting"). Thus, Appellant's current petition remains time barred, and the PCRA court lacked jurisdiction to review it. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **Hackett, supra**. Following our independent review of the record, we agree with counsel that the appeal is frivolous. **See Turner, supra**. Accordingly, we affirm the court's order denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/20